UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY KENT TRAXLER,

    Movant,

v.

                                   Case No. 1:16-cv-747

UNITED STATES OF AMERICA,        HON. ROBERT HOLMES BELL

    Respondent.
_____/

## OPINION

This is an action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On January 5, 2010, Movant Cory Kent Traxler pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (*See* Plea Agreement, *United States v. Traxler*, No. 1:09-cr-313 (W.D. Mich.), ECF No. 16.) Movant was sentenced as an armed career criminal because he had at least three prior convictions for "Breaking and Entering a Building With Intent." (Presentence Report ¶ 34, *United States v. Traxler*, No. 1:09-cr-313 (W.D. Mich.).) Movant now argues that his sentence is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government disagrees, and has filed a response in opposition. (ECF No. 7.) Movant, through Court-appointed counsel, filed a reply on August 8, 2016. (ECF No. 14.)

## I. Standard of Review

A prisoner who moves to vacate his sentence under section 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court need not hold an evidentiary hearing "'if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Section 2255 motions also contain a statute of limitations. A motion to vacate, set aside, or correct sentence must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II. Legal Framework

As mentioned, Movant argues that he is entitled to relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated a portion of the Armed Career Criminal Act (ACCA).

### A. The Armed Career Criminal Act and *Johnson*

The ACCA sets a mandatory minimum sentence for a felon with three or more prior convictions for a "serious drug offense" or a "violent felony." A violent felony is defined as a crime that is punishable by more than one year and that falls within one or more of the following clauses of 18 U.S.C. § 924(e)(2)(B): (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it "is burglary, arson, or extortion"; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." The foregoing clauses are known as the "force" clause, the "enumerated-offenses" clause, and the "residual" clause, respectively.

In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2557. *Johnson* applies retroactively on collateral review, meaning that prisoners who, pre-*Johnson*, received an enhanced sentence as armed career criminals based on prior convictions that were considered violent felonies under the residual clause, are eligible for resentencing. *Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* does not afford relief to prisoners who received an enhanced sentence as armed career criminals based on either the force clause or the enumerated-offenses clause, however.

*Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

### B. *Descamps* and *Mathis*

Recently, the Supreme Court has also provided guidance about how to determine whether a prior conviction falls under the enumerated-offenses clause. Generally, courts use the "categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). That is, they compare the statutory elements of the prior conviction with the elements of a "generic" crime. *Id.* If the statute's elements are the same as, or narrower than, the elements of the "generic" crime, then the prior conviction falls under the enumerated-offenses clause. *Id.* In *Descamps*, the Court discussed a "variant" of the categorical approach, known, "not very inventively," as the "modified categorical approach." *Id.* When a statute is "divisible," or "sets out one or more elements of the offense in the alternative," the modified approach "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* The Court in *Descamps* clarified that, "when the crime of which the defendant was convicted has a single, indivisible, set of elements," the modified categoircal approach may not be used. *Id.* at 2282.

In *Mathis v. United States*, the Court reiterated its prior holding that the modified categorical approach may not be used if the crime the defendant was convicted under has a

single, indivisible, set of elements, and discussed the difference between "elements" of an offense and the "means" by which a defendant can satisfy an element. 136 S. Ct. 2243, 2251 (2016). "Elements," it said, are "the 'constituent parts' of a crime's legal definition–the things the 'prosecution must prove to sustain a conviction.'" *Id.* at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)). "Facts," on the other hand, are "mere real-world things–extraneous to the crime's legal requirements." *Id.* The statute at issue in *Mathis* was Iowa's version of burglary. Unlike the "generic" definition of burglary, which requires unlawful entry into a "building or other structure," *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Iowa statute "reaches a broader range of places: 'any building, structure, *[or] land, water, or air vehicle*." *Mathis*, 136 S. Ct. at 2250 (quoting Iowa Code § 702.12 (2013) (emphasis and alteration in original). This "broader range of places," the Court held, are "not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element." *Id.* The statute "defines one crime, with one set of elements, broader than generic burglary–while specifying multiple means of fulfilling its locational element, some but not all of which . . . satisfy the generic definition." *Id.*

The Court in *Mathis* clarified that the modified categorical approach may not be applied when "a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were–just the facts, which the ACCA (so we have held, over and over) does not care about." *Id.* at 2257.

5

### III. Analysis

Movant was sentenced as an armed career criminal due to his prior convictions for "Breaking and Entering a Building With Intent," Mich. Comp. Laws § 750.110. The statute defining Movant's prior convictions provides:

> A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat, ship, or railroad car is guilty of a felony, punishable by imprisonment for not more than 10 years.

Mich. Public Act 270 of 1994.[1]

The record in this case does not specify whether Movant's prior convictions were considered violent felonies under the enumerated-offenses clause, which was not "call[ed] into question" by *Johnson*, or the residual clause, which *Johnson* found to be unconstitutionally vague. The presentence report, which was not objected to (Sentencing Tr. 3, *United States v. Traxler*, No. 1:09-cr-313 (W.D. Mich.), ECF No. 30), states only that Movant's prior convictions "meet the definition of 'violent felonies' pursuant to 18 U.S.C. § 924(e)." (Presentence Report ¶ 34.) A review of the sentencing transcripts is similarly unhelpful. Without the benefit of knowing that the residual clause would, years later, be held unconstitutional, the Court had no reason to specify on the record which clause the

---

[1] Movant's prior convictions all occurred in 2000 or 2001. Mich. Comp. Laws § 750.110 has most recently been amended in 1994 and 2008. *See* http://www.legislature.mi.gov/(S(41h1hlbscoboqtbd20tehulv))/mileg.aspx?page=GetObject&objectname=mcl-750-110 (last visited Aug. 10, 2016). Accordingly, the Court references the 1994 version of the statute, which was in place at the time of Movant's convictions.

conviction fell under at sentencing, and the parties had no reason to object to the lack of specificity.

The lack of specificity raises yet another issue that is unresolved in the wake of *Johnson*: is a movant entitled to relief under § 2255 when the record does not indicate whether he was sentenced under the residual clause?

### A. It is Movant's burden to demonstrate that he is entitled to relief.

As a threshold matter, the Court notes that it is Movant's burden to establish that he is entitled to relief on his collateral attack based on *Johnson*. Movant notes that the Government "had the burden of establishing the existence of prior violent felony convictions when seeking the ACCA sentence enhancement, [and] did not demand a more specific ruling." (Supplemental Br. 10-11, ECF No. 14.) While it is true that the Government had the burden at the time of sentencing, Movant is currently seeking relief under § 2255. At this stage, it is the Movant's burden to demonstrate that he is entitled to relief. *See In re Moore*, –F.3d–, 2016 WL 4010433, at *3 (11th Cir. July 27, 2016) (collecting cases from numerous circuits).

### B. Movant has not met this burden.

The next question for the Court, then, is whether Movant has met his burden of demonstrating that he is entitled to relief under § 2255. Or, put differently, whether Movant is entitled to relief based on *Johnson* even though he has offered no indication that he was sentenced using the residual clause.

### 1. Conflicting Decisions

Like so many other issues that have arisen from *Johnson*, courts around the country (and panels of judges within the same circuits) have come to different conclusions about whether a movant is entitled to relief when the record does not specify whether the residual clause was used at sentencing.

The first school of thought requires the movant to provide some evidence that, at the time of sentencing, the movant's sentence was enhanced using the residual clause. In *In re Moore*, it was not clear "whether the district court relied on the residual clause or the other ACCA clauses not implicated by *Johnson*" when sentencing the movant as an armed career criminal. 2016 WL 4010433, at *2. The Eleventh Circuit granted the movant authorization to file a second or successive motion, but noted in dicta that "in the district court . . . a movant has the burden of showing that he is entitled to relief in a § 2255 motion." *Id.* at *3. "In other words," the court stated,

> the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion. It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief.

*Id.* at *4. Other courts have held similarly. For example, in *Ziglar v. United States*, the court also sentenced the movant as an armed career criminal without specifying which clause his

prior conviction fell under. –F.3d–, No. 2:16One -cv-463-WKW, 2016 WL 4257773, at *7 (M.D. Ala. Aug. 11, 2016). The court stated that the movant could not show that he "falls within the scope of the new substantive rule announced in *Johnson*" because "at the time of sentencing in 2006, even if [the movant's] prior conviction[s] w[ere] counted under the residual clause, they also counted under the ACCA's enumerated-crimes clause." *Id.* at *9 (internal citations and quotation marks omitted).

The second line of thought, however, suggests that it is immaterial whether, at the time of sentencing, the movant was sentenced using the residual clause. In *In re Chance*, a different panel of the Eleventh Circuit questioned the panel in *In re Moore*'s analysis. –F.3d–, Nos. 16-13918, 16-14643, 2016 WL 4123844 (11th Cir. Aug. 2, 2016). There, the Eleventh Circuit stated that when the record is not clear whether a movant was sentenced under the residual clause, courts should examine the prior convictions afresh, with the benefit of recent Supreme Court case law that has clarified how prior convictions under the ACCA should be classified. *Id.* at *4 ("It would make no sense for a district court to have to ignore precedent such as *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016)."). And if, considering this caselaw, a district court would today find that the predicate conviction could only qualify as a violent felony under the residual clause, then such a determination "would be conclusive proof that the defendant was sentenced under the residual clause." *In re Chance*, 2016 WL 4123844, at *4. To receive relief under *Johnson*, the prisoner would have to show only "that [the ACCA] may no longer

9

authorize his sentence as that statute stands after *Johnson*—not proof of what the judge said or thought at a decades-old sentencing." *Id.* at *5. *See also In re Rogers*, –F.3d–, No. 16-12626-J, 2016 WL 3362057, at *2 (11th Cir. June 17. 2016) ("*Johnson* is 'implicated' when the record does not refute the applicant's assertion that the sentencing court relied on the residual clause, and when there is no binding precedent categorically classifying the offense or offenses in question as either falling under the elements clause or enumerated crimes clause.").

### 2. How Movant was actually sentenced matters.

This Court finds the first approach more persuasive. Regardless of how the Court would sentence Movant with the benefit of *Descamps* and *Mathis* today, the relevant question is how the Court *did* in fact sentence him.[2] If Movant was sentenced under the enumerated-offenses clause, even improperly so, then *Johnson*'s invalidation of the residual clause does not affect his sentence.[3] And if *Johnson* does not affect Movant's sentence, then he has a statute of limitations problem, because he is not raising a claim based on a right "that

---

[2] This finding, at odds with *In re Chance*, is consistent with other courts that have addressed the issue. *See In re Hires*, –F.3d–, No. 16-12744-J, 2016 WL 3342668, at *5 (11th Cir. June 15, 2016) ("What matters here is whether, *at sentencing*, [the movant's] prior convictions qualified pursuant to the residual clause . . . [B]ecause [the movant's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [the movant] being sentenced today.") (emphasis added); *Ziglar*, 2016 WL 4257773, at *6 ("[I]f, *at the time of sentencing*, [the movant's] . . . convictions qualified as violent felonies under the enumerated-crimes clause (even if they also qualified under the residual clause), [the movant] does not 'fall within the scope of the substantive ruling in *Johnson*.'") (emphasis added) (citation omitted).

[3] *See Johnson*, 135 S. Ct. at 2563 (noting that *Johnson* did "not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony"); *Ziglar*, 2016 WL 4257773, at *3 ("[A] sentence not under the ACCA's residual clause, but under one of the other two definitions of violent felony under the ACCA, does not fall within the scope of the substantive rule in *Johnson*."); *United States v. Carter*, No. 16-00046, 2016 WL 3919829, at *4 (D. Haw. July 18, 2016) (vacated upon stipulation by the parties) (holding that if the court "did not rely on the residual clause—i.e., if [the C]ourt relied on qualifying prior crimes under the . . . enumerated offenses clause . . .—then [Movant's] sentence is unaffected by *Johnson*").

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Instead, he is raising a claim based on *Mathis*, which did not break any new ground. 136 S. Ct. at 2257. Movant would have been required to raise this claim within one year of the date that his judgment of conviction became final. *Id.* § 2255(f)(1).

The fact of the matter is that the nothing in the record indicates whether Movant was sentenced using the enumerated-offenses clause or the residual clause. But again, it is Movant's burden to demonstrate that he is entitled to relief. It is illogical to, as *In re Chance* suggests, rely on cases that had yet to be decided as "conclusive proof that the defendant was sentenced using the residual clause." 2016 WL 4123844, at *4.

That is particularly true in this case, where the Court would have followed the law that existed in the Sixth Circuit at the time of Movant's sentencing.[4] At the time Movant was sentenced, established precedent had determined that Movant's prior conviction, Mich. Comp. Laws § 750.110, was a violent felony under the enumerated-offenses clause. *See United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991); *United States v. Sanders*, 635 F. App'x 286, 289 (6th Cir. 2016), *judgment vacated by United States v. Sanders*, No. 15-7846, 2016 WL 323915 (U.S. June 28, 2016) (remanding to the Sixth Circuit for "further

---

[4] *See Ziglar*, 2016 WL 4257773, at *8 (finding movant "has not shown that his ACCA sentence is invalid solely under the residual clause based on *Johnson* because at the time of sentencing [his] prior convictions under Alabama's third-degree burglary statute qualified as violent felonies under the still-valid enumerated-crimes clause of the ACCA"); *Carter*, 2016 WL 3919829, at *5 (finding that, although incorrect today, "when Defendant was sentenced in August 2007–as courts and parties understood the law at that time–Defendant's Hawaii burglary convictions could properly have been considered violent felonies under the enumerated offenses clause of the ACCA" and, thus, movant was not entitled to relief).

consideration in light of *Mathis*); *United States v. Simmons*, 329 F. App'x 629, 632 n.3 (6th Cir. 2009).

Movant notes that *Fish* and *Sanders* interpreted Mich. Comp. Laws § 750.110 as written in 1990, while Movant was sentenced under the statute as amended in 1994. Movant is correct that the language in the two statutes is not identical. But the difference in language is immaterial. Movant argues that those courts "improperly failed to apply a proper analysis which distinguishes between elements and means, as clarified in *Mathis*." (Supplemental Br. 9.) However, this Court would have followed binding Sixth Circuit precedent from before *Mathis* and done the same, which would have resulted in classifying Movant's prior conviction as a violent felony under the enumerated-offenses clause. Indeed, the Court did so just months before *Mathis* was decided. *See McCloud v. United States*, No. 1:15-cv-882, 2016 WL 1742742, at *2 (W.D. Mich. May 3, 2016) (Bell, J.) (citing *Simmons*, 329 F. App'x at 632 n.3)

Moreover, in *Simmons*, decided less than a year before Movant's sentencing, the Sixth Circuit concluded that Mich. Comp. Laws § 750.110*(1)* was a violent felony under the enumerated-offenses clause. This subsection of the statute did not exist until 2008, *see* Public Act 10 of 2008 (indicating additions to the existing statute), and states:

> Sec. 110. (1) A person who breaks and enters, with intent to commit a felony or a larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory, or other building, structure, boat, ship, shipping container, or railroad car is guilty of a felony punishable by imprisonment for not more than 10 years.

Mich. Comp. Laws § 750.110 (2008). This 2008 version of the statute is identical to the statute Movant was sentenced under, except it adds the word "shipping container." The addition of the word "shipping container" would not affect the analysis of whether the Mich. Comp. Laws § 750.110 is a violent felony under the enumerated-offenses clause. Again, absent record evidence to the contrary, the Court would have followed the law that existed in the Sixth Circuit at the time of Movant's sentencing, as it did when faced with a *Johnson* claim in *McCloud*, which means that Movant would have been sentenced using the enumerated-offenses clause, rather than the residual clause.

In summary, it is Movant's burden to demonstrate that he was sentenced using the residual clause and, thus, that he is raising a claim for relief under *Johnson*. Movant has not met his burden; thus, the Court finds that he is not raising a claim based on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. His claim, filed more than one year after the date that his judgment of conviction became final, is time barred.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given the confusion surrounding *Johnson*, and the lack of precedent in the Sixth Circuit on

13

this issue, the Court finds that its assessment of Movant's constitutional claim is debatable, and will grant a certificate of appealability.

An order and judgment will enter consistent with this opinion.


Dated: <u>August 31, 2016</u>                               /s/ Robert Holmes Bell
                                                                           ROBERT HOLMES BELL
                                                                           UNITED STATES DISTRICT JUDGE